VEGA, APPELLANT, *v.* REGISTRAR OF SAN GERMÁN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Recording Dominion Title Proceedings with Curable Defect.

No. 276.—Decided May 2, 1916.

DOMINION TITLE PROCEEDINGS—RECORD OF TITLE—NAME—CURABLE DEFECT—PRIVATE PROPERTY—PRESUMPTION—COMMUNITY PROPERTY.—The fact that the name of the wife of the petitioner does not appear in a judgment rendered in dominion title proceedings is not a curable defect for the purposes of recording the judgment in the registry, for the law does not require it.

Nevertheless, as a property recorded in the name of a married person without showing by any of the methods recognized by law that it is private property is presumed to be community property, it would be to the interest of the interested parties, for greater clearness and the avoidance of complications in future transactions, that the judgment state the name of the other person who has an interest in the ownership of the property.

The facts are stated in the opinion.

*Mr. Benito Forés* for the appellant.

The registrar appeared *pro se.*

MR. JUSTICE DEL TORO delivered the opinion of the court.

The District Court of Mayagüez adjudged that Pedro A. Vega, of age, married, and resident of San Germán, had proved his ownership of a certain property situated in the municipal district of Sabana Grande. A certified copy of the declaration of ownership having been presented in the registry, it was recorded by the registrar with the curable defect assigned in the following decision:

"The foregoing document is recorded on page 94 of volume 15 of the municipality of Sabana Grande, property No. 767, record 1, with the curable defect that the name of the wife of petitioner Pedro A. Vega y Vega is not stated therein."

Not satisfied with the above ruling, Pedro A. Vega took the present appeal.

The question raised by the registrar is not new. It was decided to the contrary by this court in the case of *Ramos* v. *The Registrar of Property,* 16 P. R. R. 57. The syllabus of the opinion of the court in the said case reads as follows:

"A judgment rendered in proceedings to obtain a declaration of ownership which contains all of the essential requisites demanded by the Mortgage Law for the admission of documents to record in the registry of property, is subject to record.

"In accordance with the foregoing, a judgment rendered in proceedings to secure a declaration of ownership should not be denied admission to record on the ground that petitioner, being married, it does not appear that he acquired the property during marriage or before marriage, and in the former case, because it fails to state the name of the wife, inasmuch as the said judgment fulfils all the requirements necessary for its admission to record."

Therefore, as the registrar's requirement is not prescribed by law, it is clear that the defect assigned by him in recording the title in this case falls of its own weight, and that part of the decision appealed from should be reversed.

Notwithstanding the conclusion arrived at, we wish to point out that for greater clearness and in order to avoid complications in future transactions we think it would be better for the interested parties to adopt the opinion of the registrar. When a property is recorded in the name of a married person and none of the usual methods recognized by law are employed to show that it is private property, the presumption is that it is community property. How much better, then, would it not be to state the name of the other person who is entitled to the ownership of the property instead of omitting it! The Legislature, in providing for the execution of notarial documents, prescribed in section 16 of the act for that purpose (Acts of 1906, p. 143) that "They (the notaries) shall also certify as to the age, profession and residence of the parties, and whether they are married or single, in accordance with their statements and in case that the person acquiring the right which is the object of the contract is married, the surname and the name of the spouse absent at the execution shall appear." See also the cases of *Delgado* v. *The Registrar of San Germán* and *Ortiz Toro* v. *The Registrar of San Germán, ante* pp. 654 and 652.

The decision appealed from should be reversed as to the curable defect therein assigned.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.